Mat, J.
delivered the opinion of the court. Various questions are adjourned to this court, which it is deemed unnecessary to decide, because this court is of opinion, that, on the merits of the cases, judgments should be rendered for the defendants respectively. The statute of 1805-6 provides that “ if any slave hereafter emancipated, shall remain in the state more than twelve months after his right to freedom shall have accrued, he shall forfeit all such right,” &c. It seems obvious from this phraseology, that the legislature distinctly contemplated, that the act of emancipation, and the event upon which the right to freedom was to accrue, might occur at dif *610 ferent periods. When it spoke of slaves “hereafter emancipated,” it cannot be supposed to have intended to include those whose emancipation had been previously granted by deceased persons, according to existing laws, although the right to freedom wight not yet have actually accrued. In 1798 and 1800, when the wills of Thomas Campbell and Josiak Cowling took effect, there w'as no restriction whatever on the right of those testators to emancipate their slaves: and when in 1805-6, the first statutory provision on this subject was enacted, the legislature, so far from indicating an intention to give it a retrospective operation, directed, that it should take effect only from the 1st day of May following. We should be unwilling to construe a penal law, so as to give it any retrospective operation whatsoever, unless its terms were so explicit, as to leave no doubt of the legislative will. Here, we feel confident there was no such intention. Considering, then, that Ned was emancipated by the will of Campbell in 1798, and Isaac, by the will of Cowling in 1800, before the passing of the statute of 1805-6, although their right to freedom accrued subsequently, we are all of opinion, that the defendants may lawfully remain in the state; and, therefore, that, judgment should be entered in each case, for the defendant.